## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 23-8770 PA (PDx) | Date | January 8, 2024 |
|---|---|---|---|
| Title | John Ho v. Regal Group, LLC | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       COURT ORDER–IN CHAMBERS

On November 21, 2023, the Court issued an Order to Show Cause regarding dismissal for lack of prosecution ("OSC") based on defendant's failure to file an answer to the complaint within 21 days of service. (Docket No. 15.) The Court's OSC warned that failure to respond may result in the imposition of sanctions, including but not limited to dismissal of the complaint. Plaintiff did not file a written response to the OSC. Instead, on November 28, 2023 Plaintiff filed a request for the clerk to enter default against defendant. (Docket No. 16.) On November 29, 2023, the Clerk issued a notice of deficiency regarding this request. (Docket No. 17.) On December 4, 2023, Plaintiff filed another request for the clerk to enter default. (Docket No. 18.) On December 5, the Clerk issued a second notice of deficiency requiring plaintiff to file a new request to correct the noted deficiency. (Docket No. 19.). As of today's date, Plaintiff has not filed a new request in response to the Clerk's Notice, or any response to the Court's OSC.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629-30; Yourish, 191 F.3d at 987-88; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-8770 PA (PDx) | Date | January 8, 2024 |
|---|---|---|---|
| Title | John Ho v. Regal Group, LLC | | |

(internal citations omitted) (citing Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor.  Id.

Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss this action.  In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id.  ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.").  The third Henderson factor at least marginally favors dismissal because the Defendants may be further prejudiced unless the complaint is dismissed.  See Yourish, 191 F.3d at 991.

Finally, in considering the fourth and fifth Henderson factors, the Court notes that Plaintiff has taken no action in response to the second notice of deficiency and has not filed a written response to the Court's OSC despite the warning that failure to do so could result in dismissal of the complaint.  On this record, the Court finds that Plaintiff has abandoned prosecution of this action and any less drastic alternatives to dismissal would be inadequate to remedy Plaintiff's failure to prosecute and obey Court orders.  Because the Court has adopted the "less-drastic" sanction of dismissal without prejudice, the fifth Henderson factor favors dismissal.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court dismisses this action without prejudice for lack of prosecution and for failure to comply with a Court order.  See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.  The Court will issue a Judgment consistent with this order.

IT IS SO ORDERED.